UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES E. LESLIE, II,

    Petitioner,

v.

Case No. 6:09-cv-953-Orl-28GJK

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 6). Petitioner filed a reply to the response (Doc. No. 14).

Petitioner alleges three claims for relief in his habeas petition: trial counsel rendered ineffective assistance by failing to (1) investigate and present evidence that Petitioner had a history of mental disorder, (2) present evidence that the victim had a history of lying about being attacked, and (3) file a motion to dismiss the charge pursuant to Rule 3.190(c)(2) of the Florida Rules of Criminal Procedure. For the following reasons, the petition is denied.

I. *Procedural History*

Petitioner was charged with aggravated battery. Petitioner entered a plea of guilty as charged. The state trial court sentenced Petitioner to a fifteen-year term of imprisonment. Petitioner appealed, and the Fifth District Court of Appeal of Florida affirmed *per curiam*.

Petitioner filed a Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief. The state trial court denied the motion, and Petitioner appealed. The Fifth District Court of Appeal of Florida affirmed *per curiam*.

II. *Legal Standards*

   A. *Standard of Review Under the AEDPA*

Pursuant to the AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent

considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### B. *Standard for Ineffective Assistance of Counsel*

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id.* at 687-88. The prejudice

requirement of the *Strickland* inquiry is modified when the claim is a challenge to a guilty plea based on ineffective assistance. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To satisfy the prejudice requirement in such claims, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

4

### III. Analysis

#### A. Claim One

Petitioner asserts that trial counsel rendered ineffective assistance by failing to investigate and present evidence that Petitioner had a history of mental disorder such that he could not form the specific intent to commit aggravated battery. Petitioner raised this claim in his Rule 3.850 motion, and the state court denied relief pursuant to *Strickland*. The state court reasoned that Petitioner had maintained that another individual had committed the offense and presenting evidence concerning Petitioner's mental incapacity at the time of the offense would have negated Petitioner's contention that he was not the perpetrator. (App. F-6 at 2.)

The Court concludes that the state court's denial of this claim is neither contrary to, nor an unreasonable application of, *Strickland* or *Hill*. The record reflects that Petitioner was evaluated by two mental health experts, pursuant to counsel's request, prior to Petitioner entering his plea. Therefore, trial counsel investigated Petitioner's mental health history. Furthermore, trial counsel noted at the hearing on Petitioner's motion to withdraw his plea that both mental health experts opined that Petitioner was sane at the time of the offense. See App. A at 45; *see also* App. F-2 at 2. Furthermore, a third mental health evaluation of Petitioner was conducted for mitigation purposes for sentencing, and Dr. Harish Kher likewise opined that Petitioner was sane at the time of the offense and "did not suffer from any major psychiatric illness/disease of mind that could have impaired his ability to recognize the wrongfulness/criminality of his conduct." (App. A-1 at 231.)

Based on the opinions of the mental health experts, trial counsel had no basis to argue that Petitioner's history of mental disorder prevented him from forming the intent to commit aggravated battery. Accordingly, counsel did not render deficient performance and Petitioner was not prejudiced by counsel's performance, and this claim is denied pursuant to § 2254(d).

### B.   Claim Two

Petitioner asserts that counsel rendered ineffective assistance by failing to investigate the victim's history of lying about being attacked. Petitioner raised this claim in his Rule 3.850 motion, and the state court denied relief pursuant to *Strickland*. (App. F-6 at 2.) The state court reasoned that pursuant to state law, evidence regarding a victim's character is inadmissible unless it is relevant to the case being tried. *Id.* (citing § 90.404(1), Fla. Stat.). The court further noted that even assuming such evidence had been admissible, another witness observed the incident and was willing to testify. *Id.*

The Court concludes that the state court's determination is supported by the record. Petitioner has not shown that evidence about the victim's alleged prior false reports would have been admissible at trial. Moreover, another witness observed the incident and would have been able to corroborate the victim's testimony. Finally, law enforcement officers had testified that they observed the injuries to the victim, and there were photographs of her injuries. Thus, Petitioner has not demonstrated either deficient performance or prejudice, and this claim is denied pursuant to § 2254(d).

### C. Claim Three

Petitioner asserts that trial counsel rendered ineffective assistance by failing to file a motion to dismiss the charge against him based on Rule 3.190(c)(2) of the Florida Rules of Criminal Procedure.[1] Petitioner maintains that his conviction violates the prohibition against double jeopardy because he entered his plea after the state court checked the "not guilty verdict" box, instead of the "not guilty plea" box, on a court action form.[2]

Petitioner raised this claim in his Rule 3.850 motion, and the state court denied relief pursuant to *Strickland*. The state court reasoned that counsel had moved to dismiss the charge against Petitioner based on a double jeopardy violation. (App. F-6 at 3.) The state court noted that the motion was denied because Petitioner admitted that he had not been tried and the motion was premised on a scrivener's error on a court action form. *Id.*

The state court's determination is supported by the record. Prior to the plea hearing, a box entitled "not guilty verdict" was marked on a court action form. However, the

---

[1] Rule 3.190(c)(2) provides in pertinent part:

Unless the court grants further time, the defendant shall move to dismiss the indictment or information either before or at arraignment. The court in its discretion may permit the defendant to plead and thereafter to file a motion to dismiss at a time to be set by the court. . . . However, the court may at any time entertain a motion to dismiss on any of the following grounds:

. . .

(2) The defendant is charged with an offense for which the defendant previously has been placed in jeopardy.

[2] As a result of the clerical error, Petitioner was released from custody and a capias was subsequently issued by the state court for his return.

marking was a scrivener's error as Petitioner had not been tried for the offense. Counsel moved to dismiss the charge based on a double jeopardy violation. The state court considered the motion and denied relief. Thus, counsel cannot be deemed deficient as he moved to dismiss the charge.

Furthermore, "[t]he Supreme Court has stated consistently that a prosecution does not sufficiently 'jeopardize' a defendant for purposes of the Double Jeopardy clause until the defendant is 'put to trial before the trier of facts.'" *United States v. Garcia*, 589 F.2d 249, 250-51 (5th Cir. 1979) (quoting *United States v. Jorn*, 400 U.S. 470, 479 (1971)). Therefore, given that Petitioner had not been tried for the offense, double jeopardy had not attached, and no basis existed to dismiss the charge. Accordingly, this claim is denied pursuant to § 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

*IV.    Certificate of Appealability*

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Secretary Department of Corrections*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional

claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.; Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by James E. Leslie, II (Doc. No. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court shall enter judgment accordingly and close this case.

**DONE AND ORDERED** in Orlando, Florida, this 3 day of December, 2010.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
sc 12/1
Counsel of Record

James E. Leslie, II